UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

LORRAINE PADRO, LESLIE BAILEY, MARIE THELOT, SARAH RODRIGUEZ, DHANASAR RAMAN, TOBY MARLOW, as court-appointed guardian for JUDITH BLUMENSOHN, CARMEN DURAN, JOHN EDWARDS, ERNESTA GUTIERREZ, JULIA JUAN, and JANE DOE, individually and on behalf of all others similarly situated,

              Plaintiffs,

   -against-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

             Defendant.
-----------------------------------------------------------x

Index No. 11-CV-1788 (CBA) (RAM)

## PLAINTIFFS' AND DEFENDANT'S JOINT MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR <u>PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT</u>

URBAN JUSTICE CENTER

123 William Street, 16th Floor
New York, New York 10038
Telephone: (646) 602-5667
*Attorneys for Plaintiffs*

LORETTA E. LYNCH
United States Attorney
GAIL A. MATTHEWS
Assistant U.S Attorney
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, New York 11201
Telephone: (718) 254-6025/7000
*Attorneys for Defendant*


February 8, 2013

GIBSON, DUNN & CRUTCHER LLP

200 Park Avenue
New York, NY 10166-0193
Telephone: (212) 351-4000
Facsimile: (212) 351-4035
*Attorneys for Plaintiffs*

STUART F. DELERY
Acting Assistant Attorney General

JUDRY SUBAR
Assistant Branch Director
CARLOTTA P. WELLS
Senior Trial Counsel
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW Room 7152
Washington, D.C. 20530
Telephone: (202) 514-4522

*Attorneys for Defendant*

## TABLE OF CONTENTS

Page

I. BACKGROUND ...........................................................................................................1

II. TERMS OF SETTLEMENT .......................................................................................2

III. THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND
 ADEQUATE.................................................................................................................5

 A. The Proposed Settlement Is the Result of Serious, Informed,
  Non-Collusive Negotiations..............................................................................7

 B. The Proposed Settlement Has No Obvious Deficiencies...................................7

 C. The Proposed Settlement Does Not Improperly Grant Preferential
  Treatment to Class Representatives or Segments of the Class ..........................8

 D. The Proposed Settlement Falls within the Range of Possible
  Approval ............................................................................................................8

IV. PROPOSED FORM OF NOTICE OF SETTLEMENT AND
 FAIRNESS HEARING...............................................................................................10

V. CONCLUSION...........................................................................................................12

## TABLE OF AUTHORITIES

Page(s)

### Cases

*Bano v. Union Carbide Corp.*,
    273 F.3d 120 (2d Cir. 2001) ............................................................................................... 6

*Bourlas v. Davis Law Assocs.*,
    237 F.R.D. 345 (E.D.N.Y. 2006) ................................................................................... 7, 8

*Chavarria v. N.Y. Airport Serv., LLC*,
    875 F. Supp. 2d 164 (E.D.N.Y. 2012) ............................................................................... 9

*Galdi Sec. Corp. v. Propp*,
    87 F.R.D. 6 (S.D.N.Y. 1979) ............................................................................................. 6

*Handschu v. Special Servs. Div.*,
    787 F.2d 828 (2d Cir. 1986) ............................................................................................ 10

*In re Initial Pub. Offering Sec. Litig.*,
    243 F.R.D. 79 (S.D.N.Y. 2007) *adhered to on reconsideration*, 21 MC 92
    (SAS), 2007 WL 844710 (S.D.N.Y. Mar. 20, 2007) ..................................................... 6, 7

*In re Michael Milken & Assocs. Sec. Litig.*,
    150 F.R.D. 46 (S.D.N.Y.1993) ......................................................................................... 9

*In re NASDAQ Market-Makers Antitrust Litig.*,
    169 F.R.D. 493 (S.D.N.Y. 1996) .................................................................................... 10

*In re Nasdaq Market-Makers Antitrust Litig.*,
    176 F.R.D. 99 (S.D.N.Y. 1997) ............................................................................... 6, 7, 8

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
    163 F.R.D. 200 (S.D.N.Y.1995) ....................................................................................... 6

*Karvaly v. eBay Inc.*,
    245 F.R.D. 71 (E.D.N.Y.2007) ......................................................................................... 6

*Passafiume v. NRA Grp., LLC*,
    274 F.R.D. 424 (E.D.N.Y. 2010) ...................................................................................... 6

*Reade–Alvarez v. Eltman, Eltman & Cooper, P.C.*,
    237 F.R.D. 26 (E.D.N.Y.2006) ..................................................................................... 6, 8

*Reid v. SuperShuttle Intern., Inc.*,
    No. 08-CV-4854 (JG)(VVP), 2012 WL 3288816 (E.D.N.Y. Aug. 10, 2012) ................... 7

### Rules

Fed. R. Civ. P. 23(c)(2)(A) ..................................................................................................... 10

Fed. R. Civ. P. 23(e)(1) .......................................................................................................... 10

Pursuant to Fed. R. Civ. P. 23(e), the parties respectfully submit this Memorandum of Law in Support of their Joint Motion for Preliminary Approval of Class Action Settlement.

As set forth in their Notice of Motion for Preliminary Approval of Class Action Settlement (the "Notice of Motion"), and for the reasons set forth herein, the parties request that the Court enter an order preliminarily approving the Settlement Agreement (the "Settlement") between the parties, which was filed with the Court on January 11, 2013. *See* Settlement Agreement, (Jan. 11, 2013), Electronic Case Filing Docket Entry ("DE") #112-1. As also provided in the Settlement, Plaintiffs are separately moving for certification of the Class defined in the Settlement, with such Certification being for the purposes of the Settlement only and being conditional upon final approval of the Settlement. That separate motion, which is unopposed, is being filed concurrently with the present one. In support of this Motion, the parties submit a proposed Order Preliminarily Approving the Proposed Settlement, which is attached to the Notice of Motion as Exhibit A.

## I.     BACKGROUND

This case (hereinafter referred to as "the Case") arises out of Plaintiffs' Complaint, filed April 12, 2011, and Amended Complaint, filed May 4, 2011, which allege that five Administrative Law Judges ("ALJs") in the Social Security Administration's ("SSA") Queens Office of Disability Adjudication and Review ("QODAR")—Michael D. "Manuel" Cofresi, Seymour Fier, Marilyn P. Hoppenfeld, David Z. Nisnewitz, and Hazel C. Strauss (together, the "Named ALJs")—have exhibited "general bias" against claimants for Social Security disability ("SSD") and Supplemental Security Income ("SSI") in violation of multiple federal statutes, the United States Constitution, and established case law. *See* Complaint, (April 12, 2011), DE # 1; Amended Complaint, (May 4, 2011), DE # 4.

The Commissioner of Social Security expressly denies any wrongdoing, as alleged in the Case or otherwise, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims that have been or could have been alleged in the Case.

The parties consider it desirable to settle the Case on the terms set forth in the Settlement. Indeed, this Case, which is now close to two years old, included numerous communications between the parties and with the Court, and the full briefing of several motions, including one dispositive motion to dismiss. Following oral argument on the motion to dismiss, the parties engaged in settlement negotiations for nearly a year. On January 11, 2013, counsel for the parties filed the proposed Settlement with the Court and agreed to move for preliminary approval of the proposed Settlement by February 8, 2013. *See* Letter Attaching Settlement, (Jan. 11, 2013), DE #112.

## II.   TERMS OF SETTLEMENT

The terms of the Settlement are incorporated herein by reference. Briefly, the Settlement defines a class that encompasses:

> all claimants for Social Security Disability Insurance Benefits and/or Supplemental Security Income payments based on disability who, during the period beginning January 1, 2008 and ending thirty (30) months after the date of final approval of the Settlement Agreement, have been or will be issued an unfavorable or partially favorable decision on a claim for disability benefits under Title II or Title XVI of the Act from any of the five Named ALJs and who also meet the criteria for relief set forth in section III … (a "Class member").

*See* Settlement at 5, § II(A).

Further, the Settlement provides class members with, as applicable, prospective and retrospective relief. Under Section III of the Settlement, a Class member is eligible for retrospective relief if the Class member:

>during the period from January 1, 2008 through the date of final approval of the Settlement Agreement, was issued an unfavorable or partially favorable decision on the merits of a claim for disability benefits under Title II or Title XVI of the Act by any of the Named ALJs.

However, such an ALJ decision will not entitle the individual to retrospective relief if:

>a) a United States district court affirmed the ALJ decision described above in an order as to which no motion under Rule 59 of the Federal Rules of Civil Procedure is pending with the Court as of the date on which the Settlement becomes effective; or
>
>b) a United States district court remanded the claim described above in an order that expressly declined to reassign the remanded claim to a different ALJ, and as to which no motion under Rule 59 of the Federal Rules of Civil Procedure is pending with the Court as of the date on which the Settlement becomes effective; or
>
>c) the potential Class member has already been found eligible for all benefits for which he or she could be eligible pursuant to the claim described above; or
>
>d) the claim described above has either: (i) already been readjudicated by an ALJ other than a Named ALJ, or (ii) is pending readjudication by an ALJ other than a Named ALJ at the time of the potential Class member's request for relief.

*See id.* at 6-7, § III(A)(1). Class members eligible for retrospective relief will be entitled to readjudication of their claims before an ALJ other than one of the Named ALJs, or before an attorney advisor or the Appeals Council in accordance with SSA rules and regulations. *See id.* at 7, § III(A)(2).

Under Section III of the Settlement, a Class member is eligible for prospective relief if the Class member:

>a) During the thirty (30) month period beginning on the day after the date of final approval of the Settlement Agreement, is issued an unfavorable decision on a claim for disability benefits under Title II or Title XVI of the Act by any of the Named ALJs; or
>
>b) During the thirty (30) month period beginning on the day after the date of final approval of the Settlement Agreement, is issued a partially favorable decision on a claim for disability benefits under Title II or Title XVI of the Act by any of the Named ALJs, and either requests Appeals Council review of that decision or (if

3

the decision is a partially favorable decision after court remand) files written exceptions or proceeds with a civil action seeking review of that decision.

*See id.* at 9, § III(B)(1).

In addition, the Settlement Agreement provides for special review of Class members' prospective claims in two ways. First, SSA's Office of Disability Adjudication and Review, Office of Appellate Operations, will assign specified staff (hereinafter referred to as "Staff") to review Class members' unfavorable and partially favorable Post-Settlement Decisions. *See id.* at 9-10, § III(B)(2). Second, if, on the last day of the time for appeal set forth in 20 C.F.R. §§ 404.968(a), 416.1468(a), a Class member eligible for prospective relief has not requested review of an unfavorable Post-Settlement decision, the Class member will be deemed to have requested Appeals Council review under 20 C.F.R. §§ 404.967, 416.1467. *Id.* Alternately, if the Post-Settlement Decision is an unfavorable decision after court remand, the Class member will be deemed to have filed written exceptions as provided in 20 C.F.R. §§ 404.984, 416.1484 on the day the decision is issued, but shall be given an opportunity to withdraw these exceptions or to submit additional written exceptions. *Id*. In other words, a Class member who receives an unfavorable decision by one of the Named ALJs during the 30-month period beginning on the date the Settlement is finally approved need not take further steps to seek administrative review of such decision. Rather, such review will be deemed to have been requested, and the Appeals Council will consider whether the decision is consistent with SSA's policies and regulations based upon the deemed request. In contrast, a Class member who receives a partially favorable decision from a Named ALJ must comply with SSA's regulations and timely file either written exceptions or a request for Appeals Council review. *Id.*

The Settlement expressly provides that:

> The Staff will consider a Class member's Post-Settlement Claim to determine whether the ALJ decision is legally sufficient, or contains an error of law or abuse

4

of discretion, including but not limited to an error related to (1) evaluating treating source opinions, (2) assessing credibility, (3) developing the record, and (4) conducting hearings.

*See id.* at 10, § III(B)(3). The Settlement further provides that the Staff will use the standards ordinarily applicable to requests for review or written exceptions, as appropriate. *Id.* The Settlement specifies the action to be taken if the Claim is remanded for a new hearing, including the circumstances in which a remanded Claim will be assigned to an ALJ other than a Named ALJ.

The settlement also provides that "SSA shall issue a Social Security Ruling ('SSR') regarding agency procedures for addressing allegations of an unfair ALJ hearing, ALJ bias, and ALJ misconduct." *See id.* at 13, § IV(A). In this regard, SSA issued SSR 13-1p, titled "Agency Processes for Addressing Allegations of Unfairness, Prejudice, Partiality, Bias, Misconduct, or Discrimination by Administrative Law Judges (ALJs)" on January 29, 2013.

The settlement requires SSA to provide training and mentors to ALJs in order to instruct them on the following issues: (1) evaluating treating source opinions; (2) assessing credibility; (3) developing the record; and (4) conducting hearings. *See id.* at 14, § IV(B).

Finally, the Settlement also provides for the form and manner of identifying and providing notice to Class members eligible for relief under the terms of the Settlement.[1]

### III.   THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE

"Review of a proposed class action settlement generally involves a two-step process: preliminary approval and a subsequent 'fairness hearing.' The court first must review the proposed terms of settlement and make a preliminary determination on the fairness,

---

[1] The Settlement also provides for the payment of attorneys' fees. *See* Settlement at 21, § XIX. Defendants agree to pay certain attorneys' fees in the amount of $125,000 to the Urban Justice Center. Gibson, Dunn & Crutcher LLP is not seeking fees.

reasonableness and adequacy of the settlement terms." *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007) *adhered to on reconsideration*, 21 MD 92 (SAS), 2007 WL 844710 (S.D.N.Y. Mar. 20, 2007); *see also Passafiume v. NRA Grp., LLC*, 274 F.R.D. 424, 430-31 (E.D.N.Y. 2010) (same). This preliminary review includes consideration of both the substantive and procedural aspects of the proposed settlement. *See, e.g., In re Nasdaq Market-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997).

Courts have emphasized that a preliminary fairness analysis should be undertaken with "a strong initial presumption that the compromise is fair and reasonable." *Galdi Sec. Corp. v. Propp*, 87 F.R.D. 6, 10 (S.D.N.Y. 1979). Indeed, at this stage, "the standards are not so stringent as those applied when the parties seek final approval." *Passafiume*, 274 F.R.D. at 430 (citing *Karvaly v. eBay Inc.*, 245 F.R.D. 71, 86 (E.D.N.Y.2007)), and "a full fairness analysis is unnecessary." *Id.* (citing *Reade–Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y. 2006)). Ultimately, approval of the proposed settlement of a class action is entrusted to the discretion of the trial court. *Joel A. v. Giuliani*, 218 F.3d 132, 139 (2d Cir. 2000). In exercising that discretion, however, "it is axiomatic that the law encourages settlement of disputes." *Bano v. Union Carbide Corp.*, 273 F.3d 120, 129 (2d Cir. 2001); *see also In re Prudential Sec. Inc. Ltd. P'ships Litig.,* 163 F.R.D. 200, 209 (S.D.N.Y.1995) ("[T]here is an overriding public interest in settling and quieting litigation, and this is particularly true in class actions.").

"[W]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the reasonable range of approval, preliminary approval is granted." *Bourlas v. Davis Law Assocs.*, 237 F.R.D. 345,

6

355 (E.D.N.Y. 2006) (quoting *In re Nasdaq*, 176 F.R.D. at 102); *see also In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. at 87. Here, all of these factors weigh strongly in favor of granting preliminary approval of the Settlement, along with certification of the settlement class.

A.  **The Proposed Settlement Is the Result of Serious, Informed, Non-Collusive Negotiations**

In order to preliminarily approve a settlement agreement in a class action, the court must find that the proposed settlement "appears to be the product of serious, informed, non-collusive negotiations . . . ." *Bourlas*, 237 F.R.D. at 355 (quoting *In re Nasdaq*, 176 F.R.D. at 102). The instant Settlement arises out of more than ten months of adversarial, arms-length negotiations, which included conferences before this Court. Prior to the commencement of negotiations, limited discovery was conducted in this action, and the parties fully briefed and argued the government's dispositive motion to dismiss, exhibiting the seriousness of this litigation and informed nature of the negotiations. *See, e.g., Reid v. SuperShuttle Intern., Inc.*, No. 08-CV-4854 (JG)(VVP), 2012 WL 3288816, at * 2 (E.D.N.Y. Aug. 10, 2012). Moreover, the settlement negotiations between the parties were, at times, contentious. Taken together, these facts make clear that the negotiations were non-collusive in nature and resulted from serious and informed discussions.

B.  **The Proposed Settlement Has No Obvious Deficiencies**

To withstand the preliminary approval phase, a settlement must not suffer from "obvious deficiencies." *Bourlas*, 237 at 355 (quoting *In re Nasdaq*, 176 F.R.D. at 102). As discussed above, the Settlement is a complex and comprehensive agreement that resulted from the input of numerous individuals with a wide breadth of knowledge regarding SSA policy, endeavoring to reach an appropriate result for the putative class members. The terms take into account the complex nature of the SSA appeals process, the SSA's extensive regulations, and the process

7

necessary to identify the class members and craft appropriate relief at every level of the administrative appeals process. As discussed below, the putative class, as defined in the Settlement, is the result of careful examination of the facts and circumstances and is intended to provide comprehensive and adequate relief. Furthermore, the Settlement has been approved by the plaintiffs[2] and by all of the necessary individuals in the federal government. In sum, there are no obvious deficiencies in the Settlement.

C. **The Proposed Settlement Does Not Improperly Grant Preferential Treatment to Class Representatives or Segments of the Class**

This Court has held that in order to grant preliminary approval of a settlement in a class action, the terms of the settlement may not grant preferential treatment to the named plaintiffs or to particular segments of the class. *Bourlas*, 237 F.R.D. at 355 (quoting *In re Nasdaq*, 176 F.R.D. at 102). Here, the Settlement does not grant preferential treatment to any class representatives or any segment of the proposed class. The Named Plaintiffs will be eligible to receive readjudication before a non-Named ALJ to the same degree—no more and no less—than other similarly situated class members. And no segment of the proposed class is favored in any way over another.

D. **The Proposed Settlement Falls within the Range of Possible Approval**

The final requirement for preliminary approval of a class action settlement is that the settlement must fall "within the range of possible approval . . . ." *Reade–Alvarez v. Eltman, Eltman & Cooper, P.C.*, 237 F.R.D. 26, 33 (E.D.N.Y.2006). In an action that has been pending for nearly two years, this imminent and fair resolution certainly warrants approval. The Settlement arises out of lengthy negotiations involving the SSA and the United States Department of Justice, as well as counsel for plaintiffs, the Urban Justice Center and Gibson,

---

[2] Three of the named plaintiffs, Ernesta Gutierrez, Leslie Bailey and Marie Thelot, are not parties to the Settlement, see Settlement at I(K), and therefore have not approved the Settlement.

8

Dunn & Crutcher LLP ("Gibson Dunn"), both of which have extensive class action experience. Were this action forced to proceed to trial, plaintiffs would be required to wait even longer for relief and any such relief would not be guaranteed. In contrast, as this Court noted in its February 7, 2013 Report and Recommendation, the Settlement would "afford[] substantial relief to claimants now and in the future." Report and Recommendation (Feb. 7, 2013) at 14, DE #119.

Moreover, this Court has held that the views of experienced counsel are "entitled to great weight." *Chavarria v. N.Y. Airport Serv., LLC*, 875 F. Supp. 2d 164, 172 (E.D.N.Y. 2012) (citing *In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 46, 54 (S.D.N.Y.1993) (internal quotation marks and modifications omitted)). It is the informed opinion of the parties' counsel that, given the uncertainty and substantial expense of litigating the claims through trial and any appeals, the Settlement is fair, reasonable, and adequate for the class as a whole. It was also considered that past ALJ bias cases—each involving only one ALJ—typically involved protracted litigation that sometimes spanned decades. While counsel believes that the Settlement merits final approval, the Court need not make that determination at this time. The Court is being asked only to permit notice of the terms of the Settlement to be sent to the class and to schedule a hearing to consider any views expressed by class members as to the fairness of the Settlement.

The Settlement was negotiated at arms-length, and its terms are fair, reasonable, and in the best interest of potential class members. The Settlement represents a reasonable compromise of the claims in this case. Therefore, preliminary approval should be granted.

9

### IV. PROPOSED FORM OF NOTICE OF SETTLEMENT AND FAIRNESS HEARING

Pursuant to Fed. R. Civ. P. 23(e), potential class members must be notified of the Settlement and the date of the fairness hearing. Rule 23(e) specifically addresses settlement of class actions, and instructs that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1). Under Rule 23(c)(2)(A), "[f]or any class certified under Rule 23(b)(1) or (b)(2), the court may direct appropriate notice to the class." Fed. R. Civ. P. 23(c)(2)(A). Courts have wide discretion in mandating notice for injunction classes. *See In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 515 n.19 (S.D.N.Y. 1996) ("Notice under Rule 23(b)(2) is flexible, and may consist entirely of published notice in appropriate circumstances.").

The parties believe that given the nature of the putative class, the notice provisions outlined in the Settlement, including notice by publication, constitute the most effective way of ensuring that all potential plaintiffs are notified of the Settlement and the fairness hearing. The putative class potentially includes more than 4,000 New York residents, some of whom are indigent and transient. Although attempting to contact these class members individually is likely to be quite burdensome, the Settlement does contemplate the mailing of individual notice to a large segment of the proposed class. *See* Settlement at 16-17, § VII(B). Notice by publication has been approved for a 23(b)(2) class by previous decisions in the Second Circuit, *see In re NASDAQ Market-Makers Antitrust Litig.,* 169 F.R.D. 493 (S.D.N.Y. 1996); *Handschu v. Special Servs. Div.*, 787 F.2d 828, 833 (2d Cir. 1986) (approving notice via "publication over a period of weeks in several metropolitan New York newspapers" in a case where plaintiffs challenged police regulations). Here, where the Settlement mandates notice by publication and by mail, the parties' plan for notice of the Settlement and fairness hearing should certainly be found adequate.

10

In addition, SSA will provide notice via its website. *See* Settlement at 17, § VIII. Also, although not required by the Settlement, Plaintiffs' counsel intends to provide information about the hearing to various legal and community groups who assist claimants seeking Social Security disability benefits, including:

- Disability Advocates
- National Association of Disability Representatives
- National Organization of Social Security Claimants Representatives
- Association of the Bar of the City of New York
- Brooklyn Bar Association
- New York County Lawyers Association
- Queens County Bar Association
- City Bar Justice Center
- Legal Services NYC
- Bedford-Stuyvesant Community Legal Services
- Brooklyn Legal Services Corporation A
- Legal Services NYC – Brooklyn Branch
- South Brooklyn Legal Services
- Queens Legal Services
- Legal Aid Society
- Legal Aid Queens Neighborhood Office
- New York Legal Assistance Group
- MFY Legal Services
- Disabled American Veterans
- NAMI-NYC

The undersigned submit that potential class members will receive adequate and effective notice of the terms of the settlement and date of the fairness hearing.

11

## V. CONCLUSION

For all of the foregoing reasons, the parties respectfully request that the Court enter the Proposed Order preliminary approving the Settlement.

Dated: New York, New York
February 8, 2013

                                              GIBSON, DUNN & CRUTCHER LLP

                                              By: /s/ Jim Walden
                                                      Jim Walden
                                                      Oliver Olanoff

                                            URBAN JUSTICE CENTER

                                            Ian F. Feldman
                                            Emilia Sicilia
                                            Ann Biddle, of counsel

                                            *Attorneys for Plaintiffs*


LORETTA E. LYNCH
UNITED STATES ATTORNEY

By: /s/ Gail A. Matthews
      Gail Matthews
      Assistant U.S. Attorney
      (718) 254-6025
      Gail.matthews@usdoj.gov


STUART F. DELERY
ACTING ASSISTANT ATTORNEY GENERAL

By: /s/ Carlotta P. Wells
      Judry Subar
      Assistant Branch Director
      Carlotta P. Wells
      Senior Trial Counsel
      (202) 514-4522

*Attorneys for Defendant*